IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LESLIE WYATT,**

      **Plaintiff,**

  v.                              Civil Action 2:17-cv-40
                                    Chief Judge Edmund A. Sargus, Jr.
**NEW ENGLAND MUTUAL LIFE**        Magistrate Judge Jolson
**INSURANCE COMPANY, et al.,**

      **Defendants.**

**REPORT AND RECOMMENDATION**

    This case is before the Court on Plaintiff's Motion to Remand. (Doc. 9). For the reasons set forth below, the Court **RECOMMENDS** that the Motion to Remand be **DENIED**.

**I.    BACKGROUND**

    Plaintiff is a former dentist who asserts that she is no longer able to work in her occupation due to Parsonage Turner Syndrome, a neurological disorder. (Doc. 2 at ¶ 23). Plaintiff states that her disability began in 2010 and impacts her ability to use her right arm. (*Id.* at ¶ 23). Two physicians have opined that Plaintiff is unable to practice dentistry due to her neurological disorder. (*Id.* at ¶ 27).

    Plaintiff purchased an individual disability insurance policy (No. 191D341479001) through New England Life Insurance Company ("New England Life") in June 1993. (*Id.* at ¶ 12). New England Life sold or transferred the policy to Metropolitan Life Insurance Company ("Metropolitan Life"), which used Paul Revere Life Insurance Company ("Paul Revere") as an administrator. (*Id.* at ¶ 13). Plaintiff filed a disability claim with Metropolitan Life on January

30, 2013.  (*Id*. at ¶ 32).  According to Plaintiff, Metropolitan Life hired Unum Group Corporation ("Unum") to advise it concerning its obligations for Plaintiff's claim under the policy.  (*Id*. at ¶ 14).

Metropolitan Life denied Plaintiff's claim for benefits between January 2012 and April 2013, but approved and paid benefits for June 2013 through February 25, 2016.  (*Id*. at ¶ 33).  Plaintiff asserts that on February 25, 2016, Metropolitan Life and/or Unum "made a determination that she was not disabled and ceased payments."  (*Id*. at ¶ 34).  On December 14, 2016, Plaintiff filed the instant Complaint against New England Life, Paul Revere, Metropolitan Life, and Unum in the Franklin County Court of Common Pleas.  Defendants removed the action to this Court on January 12, 2017.  (Doc. 1).

Plaintiff sets forth several claims, which include declaratory judgment, breach of contract, and bad faith.  (*See* Doc. 2).  More specifically, Plaintiff seeks declaratory judgment under Ohio Revised Code § 2721 for a determination of the rights and duties arising out of the contracts between her and Defendants.  (*Id*. at ¶ 37).  She also "asks the court to declare that she has met all conditions of the contract, is contractually disabled, and is entitled to monthly benefits until she is no longer disabled pursuant to the terms of the policy issued by New England Life Insurance, policy no. 191D241479001."  (*Id*. at ¶ 38).

Next, Plaintiff alleges that Defendants are in breach of contract for refusing to pay her based on a total disability.  (*Id*. at ¶ 40).  Plaintiff states that she "is disabled and is presently owed total disability benefits in the amount of $61,000.00 plus interest, to date (December 31, 2016) and will be owed an additional $6100.00 per month, until judgment is granted and thereafter as long as she meets the conditions of the contract."  (*Id*. at ¶ 41).  She also claims

entitlement to residual and recovery benefits that are calculated based on her prior earnings and are equal to the full amount of contract benefits. (*Id*. at ¶ 42).

Plaintiff also alleges bad faith. (*Id*. at ¶ 46). Specifically, Plaintiff claims that:

> Defendants' handling and processing of and denial of Plaintiff's disability claim was not reasonably justified and, as such, constituted bad faith. Plaintiff further states that Defendants' conduct was oppressive, and was undertaken knowingly, intentionally, willfully with malice and in disregard of Plaintiff's rights. The denial of Plaintiff's claim for long term disability is not predicated upon circumstances that furnish a reasonable justification therefore, and Defendants acted in an arbitrary and capricious manner causing Plaintiff great emotional distress.

(*Id*. at ¶¶ 46–47).

Plaintiff filed a Motion to Remand on February 2, 2017. (Doc. 9). That Motion is now ripe for consideration. (*See* Doc. 13 (Opposition); Doc. 14 (Reply)).

## II.   LEGAL STANDARD

The basis for removing a state court case to federal court "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936); *see also Powell v. Wal-Mart Stores, Inc.*, No. 14-155-HRW, 2015 WL 2063966, at *3 (E.D. Ky. Apr. 30, 2015) (noting that "jurisdiction is determined at the time of removal"). Thus, the Court may not consider defenses in deciding if a case may be removed. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003). Because removing a case interferes with the state court's jurisdiction, removal statutes are construed narrowly. *See Long v. Bando Mfg. Co. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) (stating "removal statutes are to be narrowly construed" because "they implicate federalism concerns").

The requirements for federal jurisdiction based on diversity of citizenship are set forth in 28 U.S.C. § 1332(a). Diversity is satisfied if no plaintiff and no defendant are citizens of the

same state, and the amount in controversy is $75,000 or greater. *See 3LI Consultant Grp. V. Catholic Health Partners*, No. 1:15-cv-455, 2016 WL 246202, at *1 (S.D. Ohio Jan. 21, 2016). The amount in controversy generally does not include interest, costs, or attorney's fees. *See* 28 U.S.C. § 1332(a); *see, e.g.*, *Torres v. State Farm Mut. Auto. Ins. Co.*, 478 F. Supp. 2d 924, 927–28 (E.D. Mich. Mar. 14, 2007). However, punitive damages may be included in the calculation. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). More specifically, unless it is a "legal certainty" that punitive damages cannot be recovered, the Court must consider such damages when examining the jurisdictional amount. *Id*. (*citing Holley Equip. Corp. v. Credit Alliance Corp*., 821 F.2d 1531, 1535 (11th Cir. 1987)).

Whether Plaintiff will prevail on her claims is irrelevant for the purposes of determining the amount in controversy. *See Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 763 (E.D. Mich. 1990). It is sufficient if a fair reading of the Complaint demonstrates that, if Plaintiff is successful, it is more likely than not that her damages will exceed the required amount. *Id*. Finally, Defendants bear the burden of proving they have satisfied amount-in-controversy requirement by a preponderance of the evidence. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

## III. DISCUSSION

Plaintiff argues that remand is warranted because her claim at the time of removal was for $61,000 in benefits, which is below the $75,000 required for removal based on diversity jurisdiction. (Doc. 9 at 3). However, Plaintiff seeks in excess of $25,000 for her declaratory judgment claim, in excess of $25,000 for her breach of contract claim, and in excess of $25,000 for her bad faith claim. (Doc. 2 at 9–10). Thus, federal jurisdiction based on diversity of citizenship arguably is satisfied based on the plain language of the Complaint. (*See id*.).

Plaintiff argues to the contrary, asserting that the amount in controversy is only the aggregate value of past benefits wrongfully withheld. (Doc. 9 at 4). Even accepting that proposition as true, *see Francis v. Madison Nat. Life Ins. Co.*, No. 09-12345, 2009 WL 2390579, at *3 (E.D. Mich. July 31, 2009), Plaintiff's argument disregards the critical fact that the Complaint contains a claim "of exemplary or punitive damages" for bad faith. (Doc. 2 at 10). Ohio law allows for punitive damages against insurers that act in bad faith. *Pollack v. State Farm Mut. Auto. Ins. Co.*, No. 2:11-cv-581, 2011 WL 5075815, at *2 (S.D. Ohio Oct. 26, 2011). Indeed, under § 2315.21(D)(2)(a) of the Ohio Revised Code, "a court may award punitive damages up to two times the amount of compensatory damages awarded." *Id.*; *Molek v. Nusseibeh*, No. 2015CA00085, 2015 WL 9393955, at *6 (Ohio Ct. App. Dec. 21, 2015). "It is not uncommon" for punitive damages to greatly exceed compensatory damages. *Conrad v. McDonald's Corp.*, No. 2:15-cv-3127, 2016 WL 1638889, at *4 (S.D. Ohio Apr. 26, 2016) (citations omitted).

Thus, even limiting Plaintiff's compensatory damages to $61,000, it is more likely than not that her punitive damages would bring her award to $75,000 or greater. *See id*. Stated differently, if Plaintiff is successful on her claims, she could be awarded damages far greater than the jurisdictional requirement. *See, e.g.*, *Millhon v. Unum Life Ins. Co. of Am.*, No. 2:08-cv-652, 2009 WL 2431252, at *3 (S.D. Ohio Aug. 5, 2009). Because a fair reading of the Complaint demonstrates by a preponderance of the evidence that the amount in controversy for federal diversity jurisdiction is satisfied, Defendants have satisfied their burden to show that the amount in controversy exceeds $75,000.

### IV. RECOMMENDED DISPOSITION

For the reasons set forth above, the Court **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED**.  (Doc. 9).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date:  March 13, 2017    /s/ Kimberly A. Jolson
                         KIMBERLY A. JOLSON
                         UNITED STATES MAGISTRATE JUDGE